IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK LEON ESSEX SMITH                                                    PLAINTIFF

v.                                  Case No. 5:11-cv-272-KGB

WATSON CHAPEL SCHOOL DISTRICT                                DEFENDANT

## OPINION AND ORDER

Before the Court is defendant Watson Chapel School District's ("Watson Chapel") motion for summary judgment (Dkt. No. 29). Plaintiff Mark Leon Essex Smith responded (Dkt. No. 32), and Watson Chapel replied (Dkt. No. 35).

In this Title VII case, Mr. Smith alleges that he was discriminated against and subjected to a hostile work environment because of his religion and that he was retaliated against because he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Watson Chapel moves for summary judgment on Mr. Smith's discrimination and retaliation claims. The Court notes Watson Chapel filed no motion as to Mr. Smith's hostile environment claim.

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). An issue of fact is material only if it could affect the outcome of the case under governing law. *Id.* at 250.

To establish a *prima facie* case of religious discrimination under Title VII, a plaintiff must show that he (1) has a "*bona fide* religious belief that conflicts with an employment requirement," (2) informed the employer of the belief, and (3) was "disciplined for failing to comply with the conflicting requirement of employment." *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003); *Wilson v. U.S. West Commc'ns*, 58 F.3d 1337, 1340 (8th Cir. 1995). If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show that it offered the plaintiff a reasonable accommodation, *Wilson*, 58 F.3d at 1340, or that accommodating the plaintiff would result in an undue hardship, *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (per curiam).

On September 10, 2010, Mr. Smith, then an algebra teacher at Watson Chapel Junior High School, wore a dashiki and kufi to school to celebrate Eid al-Fitr, a Muslim holiday that marks the end of Ramadan. Mr. Smith alleges that he was discriminated against on the basis of his religious beliefs when principal Henry Webb required him to go home during the school day and change out of the dashiki and kufi. Watson Chapel argues that Mr. Smith cannot make out a *prima facie* case of religious discrimination because he does not have a "bona fide religious belief relating to the wearing of a Dashiki and Kufi" (Dkt. No. 30, at 6-7). Watson Chapel bases this assertion on Mr. Smith's deposition testimony indicating that his faith does not require him to wear a dashiki and kufi on Eid al-Fitr. Watson Chapel also argues that Mr. Smith's discrimination claim must fail because Watson Chapel neutrally applies a provision of its personnel policy that states: "All employees shall refrain from using any public position to promote political candidates, political parties, or theologies" (Dkt. No. 30, at 1). Watson Chapel argues that, because this policy treats all religions identically, Mr. Smith cannot make out a claim for discrimination.

Reviewing all materials submitted by Watson Chapel in support of its motion and submitted by Mr. Smith in response and drawing all reasonable inferences from such materials in favor of Mr. Smith as the Court is required to do at this stage, the Court concludes that there are genuine issues of material fact in dispute regarding this claim, including but not limited to whether Mr. Smith was discriminated against on the basis of a *bona fide* religious belief and whether Watson Chapel neutrally applied its policy. The Court denies summary judgment on Mr. Smith's discrimination claim.

"To establish a *prima facie* case of retaliation, a plaintiff must show (1) he engaged in a statutorily protected activity, (2) an adverse action was taken against him by his employer, and (3) a causal connection between the adverse action and the protected activity." *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 576 (8th Cir. 2007). Opposing an act of discrimination made unlawful by Title VII is protected activity. *Id.* "If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. The burden then shifts back to the plaintiff to show the reason offered by the employer is pretextual." *Id.* (internal citation omitted).

Mr. Smith alleges Watson Chapel retaliated against him for taking action with the school board and filing an EEOC charge by reassigning him from a classroom teaching role to a role in an alternative learning environment. There is no dispute that Mr. Smith's title remained the same and that his salary increased following his reassignment. In its motion for summary judgment, Watson Chapel argues that it did not retaliate against Mr. Smith because it had "legitimate non-discriminatory reasons for reassigning Plaintiff (at no reduction in salary) to the alternative learning environment" (Dkt. No. 30, at 14-15). Watson Chapel also argues that Mr. Smith's retaliation claim must fail because he suffered no adverse employment action.

Specifically, Watson Chapel asserts that Mr. Smith has the same title, salary, and benefits that he had prior to his reassignment, except that Mr. Smith actually made more money subsequent to his reassignment.

Although there is no dispute as to Mr. Smith's title and salary before and after the reassignment, there are issues of fact that remain regarding the decision to reassign Mr. Smith, including but limited to an apparent temporal proximity between the reassignment and EEOC matters, Watson Chapel's alleged non-discriminatory reasons for the reassignment, and Mr. Smith's allegations that he was assigned to teach an under-performing class, held that class to certain standards, and achieved in the class overall improved standardized test results. Further, there are issues of fact that remain regarding the resulting changes in Mr. Smith's responsibilities, seniority, and future career prospects due to the reassignment. *See Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir. 2005) ("Employment actions which do not result in changes in pay, benefits, seniority, or responsibility are insufficient to sustain a retaliation claim."); *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 715 (8th Cir. 2000) ("Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not."). Drawing all justifiable inferences in favor of Mr. Smith from the materials submitted on this claim, as the Court is required to do at the summary-judgment stage, genuine issues of material fact remain regarding Mr. Smith's claim for retaliation that preclude granting Watson Chapel's motion.

Watson Chapel's motion for summary judgment is denied (Dkt. No. 29). Mr. Smith's claims for discrimination, hostile work environment, and retaliation shall proceed to trial.

SO ORDERED this the 31 day of October, 2012.

_Kristine M. Baker_
Kristine G. Baker
United States District Judge